# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2966 | **DATE** | 1/27/2004 |
| **CASE TITLE** | Barkhoff vs. USA | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated in the attached memorandum opinion and order, motion by Aviation Training, Amer Flyers Inc and Scott Chomicz to join claims and parties pursuant to 28 U.S.C.A. Section 1367 and Rules 18, 19 and 20 of the Federal Rules of Civil Procedures [8-1] and motion intervenor MW Air Trafficand Gregory Fowler to intervene as defendant(s) and motion in support of American Flyers' motion to join claim and parties [10-1], [10-2] are granted. Enter Memorandum Opinion and Order. Original opinion is filed under the lead case, 03 cv 2958, Collins v. USA.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | JAN 29 2004 | 6 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE B. COLLINS, Independent Administrator of the Estate of ROBERT L. COLLINS, Deceased, et al., | ) ) ) ) | No: 03 C 2958 |
| Plaintiffs, | ) ) | Judge John W. Darrah |
| | ) | *consolidated with* |
| v. | ) ) | No. 03 C 2966 |
| THE UNITED STATES OF AMERICA, | ) ) | No. 03 C 2998 No. 03 C 3162 |
| Defendant. | ) | No. 03 C 3166 |

**DOCKETED**

JAN 2 9 2004

## MEMORANDUM OPINION AND ORDER

Ten different Plaintiffs (the "Federal Plaintiffs") sued the Defendant, the United States of America ("United States"), for negligence arising out of an air plane crash. The Plaintiffs include: (1) Aviation Training Enterprises of Illinois, Inc., d/b/a American Flyers; (2) American Flyers, Inc.; (3) Scott Chomicz; (4) Christine B. Collins, Independent Administrator of the Estate of Robert L. Collins; (5) Rise'l Barkhoff, individually and as Special Administrator of the Estate of Herman F. Luscher; (6) Edward J. Hock, Independent Administrator of the Estate of Sharon Hock; (7) Cancer Treatment Centers of America, Inc.; (8) Midwestern Regional Medical Center, Inc., (9) Patient First, S.C.; and (10) Employers Insurance of Wausau. The first three Plaintiffs are collectively referred to as "American Flyers," Plaintiffs four through six are collectively referred to as the "Estate Plaintiffs," and the last four Plaintiffs are collectively referred to as "Cancer Treatment Centers."

Presently before the Court are: (1) Midwest Air Traffic Control Services, Inc. and Gregory Fowler's (collectively "Midwest") Motion to Intervene as Defendants; and (2) American



Flyers' Motion to Join Claims and Parties Pursuant to 28 U.S.C.A. § 1367 and Rules 18, 19, and 20 of the Federal Rules of Civil Procedure. For the following reasons, Midwest's and American Flyers' motions are granted.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. In February 2000, two aircraft collided in mid-air near the Waukegan Regional Airport. The collision occurred when a plane piloted by either Collins or Luscher, both licensed pilots, flew into a plane operated by a student pilot, Hock, causing both planes to crash. The plane occupied by Collins and Luscher crashed into the roof of the Midwestern Regional Medical Center and caused property damage and injured five individuals in the building ("the Ground plaintiffs"). The plane operated by Hock crashed onto a residential street.

The Federal Plaintiffs sued the United States in federal court, alleging the Federal Aviation Administration ("FAA") was negligent in operating, supervising, and controlling the air traffic control tower at Waukegan Regional Airport. Pursuant to the Federal Tort Claims Act, the United States could only be sued in federal court.

Multiple lawsuits were also filed in the state court of Illinois (the "State cases"). The Estate of Collins sued American Flyers, Midwest, and the Estate of Hock. The Estate of Luscher sued American Flyers, Midwest, the Estate of Collins, and the Estate of Hock. The Estate of Hock sued American Flyers, Midwest, the Estate of Luscher, and the Estate of Collins. Cancer Treatment Centers sued American Flyers, Midwest, the Estate of Hock, and the Estate of Collins. The Ground plaintiffs sued American Flyers, Midwest, the Estate of Collins, the Estate of Luscher, and the Estate of Hock.

# ANALYSIS

Two requirements must be met to grant the motions at issue. First, joinder and intervention must be proper under the Federal Rules of Civil Procedure. Secondly, jurisdiction must be proper in the federal courts.

## Midwest's Motion to Intervene as Defendant

The Federal Plaintiffs allege that the United States, through the FAA, had an agreement with Midwest whereby Midwest would provide air traffic control services at Waukegan Regional Airport's control tower under the supervision, guidance, rules, regulations, and authority of the FAA. These Plaintiffs also allege that the United States had a duty to train, certify, and evaluate the air traffic controller employed by Midwest at Waukegan Regional Airport. Therefore, the United States was a proximate cause of the accident. In the *Collins*-State cases, the plaintiffs allege that the negligence of Midwest was a proximate cause of the air crash.

Midwest moves to intervene in this lawsuit pursuant to Rule 24. First, Midwest contends that it may intervene as of right, pursuant to Rule 24(a)(2), because it has an interest so relating to the transaction which is the subject of the action and is so situated that the disposition of the action may, as a practical manner, impair or impede the applicant's ability to protect that interest. Secondly, Midwest seeks permissive intention, pursuant to Rule 24(b)(2), because a common question of law or fact exists between Midwest and this matter.

## Intervention of Right

Midwest seeks to intervene as of right pursuant to Rule 24(a)(2). According to Midwest, the Federal Plaintiffs allege many of the identical allegations against the United States and against Midwest in the State cases. Midwest, therefore, has a significant interest in defending

itself in one forum, where the United States can be named as a Defendant. Moreover, Midwest

raises the issue that rulings in this federal suit may have a negative impact on Midwest's interest

in the state suits by application of the doctrines of *res judicata* and *stare decisis*. Midwest also

asserts that the United States will not adequately represent Midwest in this action particularly

because of its own related liability.

Rule 24(a)(2) states:

Upon timely application anyone shall be permitted to intervene in an action . . .
(2) when the applicant claims an interest relating to the property or the transaction
which is the subject of the action and the applicant so situated that the disposition
of the action may as a practical matter impair or impede the applicant's ability to
protect that interest, unless the applicant's interest is adequately represented by the
existing parties."

"Therefore, four requirements must be met for intervention of right: (1) timeliness; (2) an interest

relating to the subject matter of the action; (3) at least potential impairment of that interest if the

action is resolved without the intervener; and (4) lack of adequate representation by existing

parties." The party seeking to intervene of right has the burden to show that all four requirements

are met. *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002).

"The existence of 'impairment' depends on whether the decision of a legal question

involved in the action would as a practical matter foreclose rights of the proposed intervenors in

a subsequent proceeding." *Am. Nat'l Bank & Trust Co. v. City of Chicago*, 865 F.2d 144, 148

(7th Cir. 1989) (citation omitted). Whether rights are foreclosed is tested by *stare decisis*

standards.

Here, Midwest claims that findings in this matter may have negative *res judicata* and

*stare decisis* effects in other cases. However, any decisions in this matter would not have a *res*

*judicata* effect against Midwest because Midwest is not a party in this case. *See, e.g., 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000) (addressing the Illinois requirements for *res judicata*). A judgment in this case will not have a *res judicata* effect in the State cases.

Likewise, there has been no showing that a disposition of the Federal Plaintiffs' case would have a *stare decisis* effect in the State cases. Plaintiffs here do not seek to have Midwest found at fault for the accident in the federal action. Midwest still would be entitled to defend on the grounds that the FAA was a proximate cause of the accident. Therefore, intervention of right is not warranted.

<u>Permissive Intervention</u>

Midwest also requests to permissively intervene pursuant to Rule 24(b). According to Midwest, the claims in the state proceedings both arise from the same occurrence, the airplane crash; therefore, these claims contain the same allegations of negligence against both the United States and Midwest.

Rule 24(b) states that "[u]pon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Here, all the claims involved in the lawsuit have a question of fact in common. All claims arise out of an in-flight collision of two aircraft. While the parties may assert various legal theories based on sometimes conflicting factual allegations, the basic facts which support all claims by all parties involve the mid-air collision.

The existing litigants also object to permissive intervention on the grounds that it will

cause prejudice or delay; the claim against the United States must be tried to the Court, but the claims against Midwest may be tried to a jury. However, careful planning, including consideration of a combined bench and jury trial, will prevent any confusion and unnecessary delay. Accordingly, Midwest's motion to intervene on the basis of permissive intervention is granted.

*American Flyers' Motions to Join Parties, Intervene, and to Join Claims*

American Flyers argues that all of the causes of actions in the State Cases and the causes of action asserted by the Federal Plaintiffs are based on negligence. In addition, all of the allegations of duty and breach of duty lead to allegations that the negligence of each defendant, in both the federal and state cases, was a proximate cause of the first occurrence at issue: the mid-air collision and crash of the two airplanes.

American Flyers requests that: (1) Midwest be joined as a party needed for just adjudication pursuant to Rule 19(a)(1); and (2) the Ground plaintiffs be joined as parties, pursuant to Rule 19(a)(2)(ii), who have an interest relating to the subject matter of the Federal Plaintiffs' cases and are so situated that the disposition of the action in the Ground Plaintiffs' absence may leave the persons and entities who are already parties subject to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of a claimed interest. In the alternative, American Flyers requests that Midwest and the Ground Plaintiffs be joined in the action pursuant to Rule 20. Finally, American Flyers asks that, once joined as parties, the state claims asserted by and against Midwest and the state claims asserted by the Ground plaintiffs be joined with the claims asserted by the Federal Plaintiffs, pursuant to Rule 18.

## Compulsory Joinder of Midwest

American Flyers contends that Midwest should be joined as a Defendant, pursuant to Rule 19(a)(1). However, because Midwest was permitted to permissively intervene, the issue of whether Midwest should be joined as a defendant is denied as moot.

## Compulsory Joinder of The Ground Plaintiffs

American Flyers next argues that the Ground plaintiffs should be joined as plaintiffs pursuant to Rule 19(a)(2)(ii). According to American Flyers, the allegations of negligence pled by the Ground plaintiffs in the State cases include similar proximate cause allegations that are claimed by the Federal Plaintiffs against the United States. Rule 19(a)(2)(ii) states that:

> [a] person subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject matter of the action is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

"[T]he fact that [a defendant] might be liable to [another party] in a future action does not create the *substantial* risk of multiple or inconsistent obligations. . . . Any subsequent liability of [the defendant] towards [another party] is independent of liability determined in the present lawsuit." *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484-85 (7th Cir. 2001) (emphasis in original). The mere fact that an action may not be *res judicata* against a new plaintiff and a defendant may have to defend a similar lawsuit for the same tort against a new plaintiff does not make the new plaintiff a necessary party under Rule 19. *Field v. Volkswagenwerk AG*, 626 F.2d 293, 302 (3d Cir. 1980).

In this case, the Ground plaintiffs seek to recover damages from American Flyers in the State cases, a lawsuit from the same tort. That liability, however, is "independent of any liability determined in the present lawsuit." Moreover, American Flyers does not offer any argument, in either its Motion or Reply, for why the Ground plaintiffs should be joined as plaintiffs, pursuant to Rule 19(a)(2)(ii), in this action. American Flyers' Motion is denied on this basis.

### Permissive Joinder

In the alternative, American Flyers requests that the Ground plaintiffs should be joined as plaintiffs in this action pursuant to Rule 20(a). According to American Flyers, the claims of the Ground plaintiffs in the State cases arise out of the same occurrence as the claims alleged by the Federal Plaintiffs and that questions of law and fact common to all the parties will arise in both actions.

Rule 20(a) states that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief, jointly, severally, or . . . arising out of the same transaction or occurrence . . . and if any questions of law or fact to all these persons will arise in the action." Other relevant factors, in addition to the Rule 20(a) standard, may be considered when determining if joinder is proper. For example, joinder may be denied in cases where it would create "prejudice, delay, or expense." *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001).

As discussed above, the claims arise out of the same occurrence – the in-flight collision of two aircraft. The United States and the Estate Plaintiffs both argue that the Ground plaintiffs would be forced out of their chosen state court forum. However, this Court is the only forum where all claims asserted by all parties can be joined so that complete relief to all can be afforded.

8

The United States and the Estate Plaintiffs also contend that joinder would cause undue prejudice, delay, and expenses to the Ground plaintiffs. According to these parties, settlement discussions and discovery have occurred. Litigating the matters in federal court would then delay further settlement negotiations and create duplicative discovery. American Flyers, however, represents in its motion that the written discovery is not complete in the *Collins*-State cases, and that the completed discovery can be easily transferred to the *Collins*-Federal cases and controlled to avoid duplication or undue hardship to the parties joined.

There is no showing why the parties cannot continue to discuss settlement while the matter is pending in federal court. In addition, the services of this Court and a Magistrate Judge would be available upon the parties' request to participate in settlement discussions. American Flyers' motion to permissively join the Ground plaintiffs as parties is granted.

### Joinder of Claims

Joinder of the remaining state claims involving all parties is also appropriate. "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." Fed. R. Civ. P. 18(a). Because the rule is permissive, all claims involved may be asserted in this forum if jurisdiction is proper.

### *Supplemental Jurisdiction*

Section 1367(a) of Title 28 of the United States Codes provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," subject to a number of statutory exceptions. The state and federal claims must arise out of a

9

"common nucleus of operative fact" to exercise subject matter jurisdiction over the state claims. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

Here, the United States and the remaining Federal Plaintiffs (except for American Flyers) contend that a common nucleus of operative fact does not exist between the existing claims against the United States and the claims asserted against Midwest. According to these parties, the alleged negligence of Midwest occurred solely on the day of the accident. In contrast, the alleged negligence of the United States occurred prior to the crash, when the United States failed to install a proper radar machine. The United States and the Federal Plaintiffs also argue that a common nucleus of operative fact does not exist between the Ground plaintiffs' claims and the existing claims.

These arguments are not persuasive. These cases involve claims for wrongful death damages arising from the mid-air collision to determine which parties are responsible. Midwest is asserting as a defense the same basis of liability that the Federal plaintiffs are seeking: the Government is responsible for the mid-air collision by not properly controlling the two aircraft. The Ground plaintiffs' recovery also is related to the issue of which party or parties may be liable for the mid-air collision. Therefore, the existing claims and the claims presented by both Midwest and the Ground plaintiffs arise from a common nucleus of operative fact.

The United States and the Federal Plaintiffs, except for American Flyers, next argue that discretionary reasons exist to deny the exercise of supplemental jurisdiction.

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(2)-(4).

The parties first object to the exercise of supplemental jurisdiction because the state law claims predominate over the federal claim. However, as discussed above, the claims involving Midwest and the Ground plaintiffs are interrelated to the claims against the United States.

## CONCLUSION

For the foregoing reasons, American Flyers' Motion to Join Claims and Parties Pursuant to 28 U.S.C.A. § 1367 and Rules 18, 19, and 20 of the Federal Rules of Civil Procedure is granted. Midwest's Motion to Intervene as Defendants is granted.

Dated: Jan 27 2004

JOHN W. DARRAH
United States District Judge